**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
EVELYN SONN,
                                Plaintiff,

                    **ORDER**

           - against -

                    CV 06-1296 (FB) (JO)

WAL-MART STORES, INC.,
                                Defendant.
------------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

      Plaintiff Evelyn Sonn ("Sonn") filed this personal injury action against defendant Wal-Mart Stores, Inc. ("Wal-Mart") in the Supreme Court of the State of New York, County of Kings, on March 3, 2006. *See* Docket Entry ("DE") 1 (including Notice of Removal ("Notice"), Summons, Verified Complaint ("Complaint"), two identical copies of Wal-Mart's Rule 7.1 Statement, and Wal-Mart's Answer).  On March 22, 2006, Wal-Mart filed a notice of removal pursuant to 28 U.S.C. § 1446 seeking to remove the case to this court. For the reasons set forth below, I find that Wal-Mart has not satisfied its burden of establishing that this court has original jurisdiction, and in particular has failed to sufficiently demonstrate that the amount in controversy exceeds $75,000. I therefore order the action summarily remanded to the state court in which it was filed pursuant to 28 U.S.C. § 1446(c)(4).  *See generally DeMarco v. MGM Transport, Inc.*, 2006 WL 463504 (E.D.N.Y. Feb. 24, 2006).

      A.    <u>Removal Procedures Generally</u>

      As an initial matter, I note that Wal-Mart mistakenly purports to remove this case "from the Supreme Court of the State of New York, County of *Bronx*, to the United States District Court for the Eastern District of New York." Notice at 1 (emphasis added); *see also id*. at 2 (asserting that "the case should be removed from the Supreme Court of the State of New York,

County of Bronx, to the United States District Court for the Eastern District of New York"). Such a removal is forbidden, as a case that may be removed from a state court in Bronx County must be removed to the district in which that county is located, which is the Southern District of New York. *See* 28 U.S.C. § 1446(a). However, because the Summons and Complaint plainly indicate that the case was pending in Kings County, it is apparent that Wal-Mart's mistake is in this regard one of proofreading rather than of law. On a more substantive level, Wal-Mart's attempt at removal is premature at best and predicated on an inaccurate characterization of Sonn's complaint, as explained below.

A defendant may remove from state court to federal court any civil action of which the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Upon such removal, the federal court in which the notice is filed must "promptly" examine it. *Id*. § 1446(c)(4). "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." *Id.*

Where, as in this case, a defendant relies on 28 U.S.C. § 1332 as the source of the receiving court's purported original jurisdiction, it must establish that the requirements of the statute have been met. Specifically, it must demonstrate that the parties are citizens of diverse states and that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). The removing party bears the burden "of proving that it appears to a 'reasonable probability' that the claim is in excess of [$75,000]." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 304-305 (2d Cir. 1994). A federal court considering the propriety of such a removal should first look to the allegations of

the complaint and then to the notice of removal to determine whether the amount in controversy requirement is met. *See Davenport v. Procter & Gamble*, 241 F.2d 511, 514 (2d Cir. 1957).

  B. <u>The Effects Of New York's Procedural Law On Removal To Federal Court</u>

Sonn's complaint does not specify the amount of damages she seeks, and for good reason: New York law now forbids the inclusion of such an *ad damnum* clause in a personal injury action like this one. *See* N.Y. C.P.L.R. § 3017(c). As a result, the complaint generally describes the injuries Sonn claims to have sustained and alleges only that the resulting damages exceed the relevant jurisdictional limit of the lower courts. *See* Complaint ¶¶ 15-18. That jurisdictional requirement is no more than $25,000. *See* N.Y. Const., art. VI.

In her most specific description of her injuries, Sonn asserts that she

> became and was rendered sick, sore, lame, bruised and disabled; received severe and serious injuries in and about diverse parts of her person; experience great pain and suffering; has been informed and verily believes said injuries to be of a permanent nature; was incapacitated for a long period of time; was prevented from attending to her usual duties and occupation and services; was compelled to and did seek medical aid, treatment, and attention; and will require further medical aid, treatment, and attention in the future; [and that she] was compelled to and did expend great and diverse sums of money in an effort to cure herself and will in the future be caused to incur additional expenses for such medical and other aid; and in other ways sustained a loss of diverse sums of money.

Complaint ¶ 16. Although I can infer from the latter description that Sonn will seek "great and diverse sums of money" if she establishes Wal-Mart's liability, I cannot conclude from her boilerplate allegations – which appear to have been repeated substantially unchanged since the days when "verily" was in more common usage – that such damages will necessarily exceed $75,000. The complaint alone therefore provides insufficient information to "intelligently ascertain removability." *See DeMarco*, 2006 WL 463504 at *1 (citing *Setlock v. Renwick*, 2004

WL 1574663 (W.D.N.Y. May 21, 2004) (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205-206 (2d Cir. 2001))).

The Notice provides no additional detail about the specific damages sought; it merely makes the conclusory assertion that Sonn "seeks damages in excess of $75,000." Notice at 2. Such pleading cannot satisfy the removing party's burden to establish the amount in controversy. *See DeMarco*, 2006 WL 463504 at *2 (citing *United Food & Commercial Workers Union*, 30 F.3d at 304-305). As there is no other evidence in the record, Wal-Mart has not met its burden of establishing to a reasonable probability that the claim is in excess of the jurisdictional minimum.

Wal-Mart is not without recourse. The same state law provision that prohibited Sonn from including an allegation in her complaint that might support a sufficient notice of removal also provides a procedural mechanism by which Wal-Mart can ascertain the existence of facts necessary to invoke federal diversity jurisdiction:

> A party against whom an action to recover damages is brought, may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled. A supplemental demand shall be provided by the party bringing the action within fifteen days of the request.

N.Y. C.P.L.R. § 3017(c); *see DeMarco*, 2006 WL 463504 at *2 (citing *Whitaker*, 2004 WL 1574663 at *2).

Nor is Wal-Mart prejudiced by the necessity of making such a "supplemental demand" with respect to the timing of a removal notice. A defendant must normally file a notice of removal within 30 days of receiving the "initial pleading." 28 U.S.C. § 1446(b). The same subsection provides, however, that "[i]f the case as stated by the initial pleadings is not removable," which is true here and presumably in all personal injury actions filed consistent with

4

the current version of C.P.L.R. § 3017(c), the 30-day period for seeking removal only begins when the defendant receives "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.*; *see DeMarco*, 2006 WL 463504 at *2 (citing *Whitaker*, 2004 WL 1574663 at *2). Where the response to a supplemental demand under C.P.L.R. § 3017(c) asserts damages in excess of $75,000, that response is a "paper" that allows the defendant to seek removal within 30 days. *See DeMarco*, 2006 WL 463504 at *2 (citing *Schultz v. Office Depot, Inc.*, 2004 WL 1598829 (W.D.N.Y. Jul. 16, 2004); *Gonzalez v. Rajkumar*, 2005 WL 1593008, *3 (S.D.N.Y. Jul. 6, 2005).

  C. <u>The Propriety Of Summary Remand</u>

  The plain language of 28 U.S.C. § 1446(c)(4) requires summary remand under the facts of this case. That result is not only a statutory command, however; it also makes sense. Requiring Wal-Mart to seek supplemental information under state law before attempting to remove the case places no meaningful burden on them that they will not in any event bear. At some point in this litigation, whether it proceeds in this court or another, and whether it settles or proceeds to a judicial disposition, Wal-Mart will need to find out the extent of the damages that Sonn claims to have sustained. I decide no more than that it must seek out that information before coming to this court, not after. If it learns that Sonn seeks damages in excess of $75,000, Wal-Mart may return the case to this court and Sonn will have to bear the burdens associated with that removal. On the other hand, if it turns out to be the case that Sonn does not claim more than $75,000 in damages, then the case will properly remain in state court – and this court will not be burdened with overseeing discovery of a dispute that was never properly before it. *DeMarco*, 2006 WL 463504 at *3.

Finally, assuming that this case must be summarily remanded, there remains the question whether I can enter such an order consistent with the limitations of a magistrate judge's authority under 28 U.S.C. § 636, or may instead do no more than recommend that the assigned district judge take such action. For reasons I have explained elsewhere, I conclude that I do have the requisite authority to enter an order of remand. *See Meier v. Premier Wine & Spirits, Inc.*, 371 F. Supp.2d 239, 241-44 (E.D.N.Y. 2005).

D. Conclusion

For the reasons set forth above, I order that this case be remanded to the Supreme Court of the State of New York, Kings County.

**SO ORDERED.**

Dated: Brooklyn, New York
March 23, 2006

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge